The next case is number 25-1875, Jane Doe v. East Stroudburg Univ. of PA at Auld. Mr. Graham? Good afternoon, and may it please the Court, my name is Brett Graham. I'm a Deputy Attorney General with the Pennsylvania Office of Attorney General, and I represent East Stroudburg Univ. of PA and the University Appellants in this matter. With the Court's permission, I'll reserve three minutes for rebuttal.  Thank you. I should mention at Council's table with me is Deputy Attorney General Hannah Kogan. The impact of this Court's decision in Fisher v. Hollingsworth is clear on this case. Tone provisions are coordinate when they apply across the board, and when invoking them does not require the Courts to evaluate the nature of a particular claim or theory of injury. Because Section 5533BI.1 of Pennsylvania's Judicial Code does not apply to all personal injury torts, but only to torts arising from particular cases of sexual abuse, it is not coordinate and it cannot save Jane Doe's claims in this case. To be clear, just the federal claims, not the state claims, right? Correct. Okay. I am limiting my comments to those counts that are contemplated in the District Court's Certificate of Appealability, etc. The District Court's contrary findings stemmed from the fact that Fisher wasn't out yet, in very large part. Fisher distilled a great deal of confusion in federal jurisprudence on these questions about applying different tolling provisions, etc., in Section 1983 claims. But when this Court decided Fisher, it added a lot of clarity, and it did so on functionalist grounds, not formalist grounds. In defending the District Court's decision, my friends on the other side have made arguments and appeals based on proximity, saying, well, it seems like coordinate rules travel in packs, and because this particular rule is proximate to others, that's good enough. Not so. That is almost exactly the opposite of what this Court deduced, that really the thrust here is about getting a practical solution, having uniformity and certainty. That is often the goal of these statute of limitations regimes. Would not uniformity and certainty be better served if, in a federal appeal, the appellant was able to bring forth the same subjects of appeal and reason for appeal as he or she could do in state court? I'm not sure I entirely understand your question, Judge Roth, but I'll give my best version of an answer. We say that in a state appeal, all of these issues can come up. In a federal appeal, they cannot all come up. And I have trouble understanding why we want to differentiate between the breadth of a state appeal and a federal appeal. The answer to that, I think, lies in case law, and it is somewhat instructive to look at Judge Rendell's concurrence and partial dissent in the Fisher case, because we're really looking for practicability. And neither Section 1983 nor Title IX provide a statute of limitations, and so we are forced to borrow the state's general residual limitations period. And in the before times, before Owens and before Hardin, courts apparently, if you look at their experience in the case law, had quite the time trying to sort through a variety of very specific provisions and the facts of particular cases. The rule that applies in this case largely gets rid of a lot of that, because once again, you look to the provision and you ask, do you have to examine the theory of a given case in order to determine whether state law applies? Here, you absolutely do. You have to look through the complaint at the invocations of negligence standards consistent with Title IX. You have to look through the complaint at some of the actual theories for these particular plaintiffs. And there was nothing that excused, in this instance, Jane Doe from bringing her claim, not within the first two years after she was injured, but about four years later in October of 2022. I'd point out that this court has sort of provided a filtering function, both to lower courts and to litigants. So one initial question we might ask in this case is, are we dealing with a tort-specific statute of limitations or a tolling provision? If you go along with the district court, this is a tolling provision, but the better answer— You say it's a statute of limitations. I would strongly encourage this court to say that the better answer is that it is a tort-specific statute of limitations. Under Stephens. Correct, because what you're not doing, Your Honor, is picking out a date of accrual and then applying a tolling provision after that date of accrual. You're in an entirely separate context here. So if federal law governs the date of accrual and federal courts don't apply statute-specific statute of limitations under Wilson v. Garcia, we come to these tolling rules. And what do we do with them? In this case, the theory of liability for my clients, for the university appellants in East Stroudsburg University, is tied up in the rationale of Title IX and the remedial purpose of Section 1983 and Title IX. So one thing courts have often looked at in this context is whether applying the state law would frustrate federal purposes. Here it absolutely would frustrate those federal purposes to say you've suffered at the hands of this university negligence, whatever you might claim. So take your time and bring the action as— No, what Title IX wants us to do is bring the case so that further classes, further students don't suffer that harm. Just in fairness to your friends on the other side, did you argue any of this in your brief? We did not argue this particular point in the brief, but we pointed to case law that said it's about whether state law is inconsistent. So I—candidly, Your Honor, I'm trying to riff off of that part of our brief. The—another way of conceiving of this rule is that applying non-coordinate tolling rules inherently frustrates any purpose in a Section 1983 action. Because once again, the guide here, the keystone, is clarity and consistency. I'd welcome any questions from the court. I will make one final point, which is before I turn it over to my friends on the other side and save my time for rebuttal. But I would just point to the record. Joint Appendix 45, 48, these are parts of the complaint that confirm the theory is based on negligence, gross negligence, and that the idea behind all of this is that the statute is—or excuse me, that the suit is timely pursuant to the 2019 amendments and the new exception to sovereign immunity under Section 8522B10, which again is further confirmation that this is a cause of action based on negligence. That is one theory of tort liability. It does not apply across the board. Fisher's rule is clear, and this court should reverse with instructions to dismiss. That's the honor. All right. We'll thank you, Mr. Graham. I'll hear from Ms. Fedden. May it please the court, Your Honor, Kristen Fedden, on behalf of Jane Doe. Your Honors, while I agree with opposing counsel that Fisher was not out when Judge Wilson made her order, I will point to the fact that Judge Wilson was aware of the Gavin decision, and the Gavin decision pretty much mirrors what Fisher said, and that is essentially that a specialized tort-specific statute cannot be borrowed. And in that particular case, the Gavin decision dealt with exactly the same statute that the Fisher decision dealt with, which was the New Jersey's revival statute of limitations that dealt with sexual abuse. And Judge Wilson pointed that out in her decision, specifically in the record, 8 and 9, as well as pages 11 and 12, where it said specifically that the court found the court did analyze the Gavin decision, and the court found in that Gavin decision that New Jersey's revival did have the specialized tort-specific statute, and it did not cite the Owens decision as well, and expressly rejected the notion that should there be any mix-and-match requirement based upon a theory of injury presented. So even though Judge Wilson did not have the benefit of Fisher, the underlying rule was still utilized and analyzed within Judge Wilson's decision. Why do I say that, Your Honors? Because Fisher, I would submit to the courts, that Fisher actually reiterates the holding from Hardin, which is that federal courts can borrow a forum state's residual personal injury statute limitations, but they also must borrow the state's coordinate rules of timeliness. And when we look at the... I think you've nailed, I think, the rule we need to apply, but I'm not sure why this fits the bill as a coordinate rule. Understood, Your Honor. If I may distinguish between why the Pennsylvania statute differs from the New Jersey statute, which was analyzed in the Fisher opinion, I think it will bring some clarity. When you look at the Fisher decision, the court essentially looked at and said that New Jersey's revival statute is specific to tort claims for sexual assault. In New Jersey, the statute of limitations for residual personal injury torts is separate and distinct from the revival statute, which specifically deals with sexual assault. In New Jersey, there is also an additional statute for tolling provisions. That is not the case in Pennsylvania. In Pennsylvania, we have one limitations period. That is codified. But how do we know that this is a tolling statute, rather than your friend on the other side says it's a statute of limitations? We know that this is a tolling provision, Your Honor, because of the distinction between New Jersey's and the Fisher decision, as well as what's happening in Pennsylvania. But we also have a case law. Forget about Fisher for a minute. Just tell us why, under this Pennsylvania law, why isn't 5524 sub 7 just a two-year statute of limitations? It looks like it, but you're saying it's a tolling provision, not a statute of limitations. Correct. So 5533 is not only embedded within the tolling provision for Pennsylvania civil actions, but it is also, Your Honor, it determines who receives tolling. So if we look at 5533, it specifically talks about who receives tolling. So subsection A deals specifically with insanity and imprisonment and says that it is not tolled, just for those two provisions. But then if we go to subsection B, it deals specifically with infancy. I say that, Your Honor, because 5533 is a whole statute that is directly related to tolling provisions. And that is an integrated part of Pennsylvania's timeliness statute. In addition to that, we can also look at case law to see that Pennsylvania courts, as well as the Third Circuit, has deemed this particular statute, 5533, to be a tolling provision. How is it different from the sister statute that's considered in Stevens? It's different than the sister statute in Stevens. And I would actually submit to the court that the Stevens decision does not control here. In the Stevens decision, it was more of a vertical decision. And I say that because in Stevens, the issue before the court was whether or not the states could borrow a tolling provision in order to extend the statute of limitations. In the Stevens decision specifically, the court was looking at whether or not Pennsylvania's borrowing statute could utilize that statute of limitations for a claim of sexual assault. Sorry, just stay on the mic because it's recording. No problem. I apologize, Judge. Whether or not that particular statute of limitations could apply in a New York-accrued case. And in that way, the underlying Pennsylvania borrowing statute essentially says, I think under 5521, that in order for another state, in that case New York, to borrow Pennsylvania's statute of limitations, it would either be New York statute of limitations or Pennsylvania statute of limitations, whichever ended first. And so tolling provisions were separate and distinct from that. With that said, the reason why Stevens does not control is because the underlying statute there and the underlying principle was specifically that the federal law and policy did not want to enhance an individual's statute of limitations just because the personal injury accrued in a different state and they did not want those plaintiffs to be able to file in a separate jurisdiction and take advantage of that statute of limitations. This case is very different, Your Honors. In this particular case, we are borrowing the tolling provision for a federal claim, not two states which are in conflict as seen in Stevens, which was New York as well as Pennsylvania. And the federal policy was very different there. In that case, as I mentioned, the states did not want to enlarge the statute of limitations and therefore the tolling provisions were not applied. And if I can direct your attention to the Stevens decision, specifically on page 290, it says, and this deals specifically, Your Honor, with your question with regard to the sister statute. You said 290? Is that what you said? Yes. Okay. It said, in fact, the plaintiff, Stevens, was attempting to argue the Pennsylvania's tolling rules should apply. And this particular court made clear that, and I quote, we need not resolve this question. In other words, it doesn't control this particular inquiry in this particular case. And, in fact, in that particular case in Stevens, it was solely, as I mentioned, in the context of Pennsylvania's borrowing statute, which is pursuant to 5521B, and only in that context. So the court observed that 5533B2I supplants the two-year period. But that observation, as the court noted in footnote 7, specifically was only in, and I quote, in connection with Pennsylvania's borrowing statute. That is not what we have here. In here, we are borrowing pursuant to federal law. We are looking at 1983, as well as Title IX, and saying whether or not the 5533 is a tolling provision that should be borrowed and go in tangent with the statute of limitations. And I think that that is a distinction that is important here because, as I mentioned, in Stevens, it was a different statute, but it was also a different posture and a different purpose. Again, the purpose of the borrowing statute is so that we don't enlarge the statute of limitations specifically so that people aren't forum shopping. That's not what we have here. That interplay is nonexistent here. So in that case, if you look at footnote 7 into Stevens, this court essentially said that they found persuasive weight in Delaney and Baselights. And in those two cases, that was Pennsylvania state courts stating that 5533 is, in fact, a tolling provision. And it found it to be persuasive because, again, the federal policy in Stevens was very different than what we see here. It did not have to ask what rules must travel with a borrowed limitations period for a federal civil rights claim. In this particular case, though, we do, and Fisher makes clear that the controlling inquiry here is whether or not the rule can be applied uniformly, and that's something I agree with my opposing counsel. In this particular case, 5533 satisfies that standard. If it is seen as a tolling provision, it satisfies that uniformity standard. How? Well, if we look at the limitations period under Pennsylvania law, it is under 5524. That is very clear. Pennsylvania has one limitations period, unlike New Jersey, which has the two. 5533 does not compete with that statute. It does not replace it, like in New Jersey. All right. I assume we agree with you on that. I'm not sure that gets you what you need because isn't the general rule, apply the, isn't the rule, apply the general statute, state statute of limitations for these federal claims? Yes, Your Honor, but under. So if that's the general rule, excuse me, if that's the rule and the general statute of limitations is 5424, which is two years, how do we get out from under that? Well, Hardin and Fisher require not only that we borrow the residual statute of limitations, but that we also must borrow the tolling provisions, and that's why 5533 must also be borrowed. All right. So it sounds like the case turns on whether this is a statute of limitation or a tolling issue. I would essentially agree with you, Your Honor, and I would say because Stevens deals with something different. Stevens does not control here. What I would submit to the court controls here is the Koch case. But Fisher, it looks like Fisher controls unless, what I heard you say a short while ago, is that Fisher doesn't control because of the differences in the New Jersey statutory scheme versus the Pennsylvania statutory scheme. Did I understand that correctly? Essentially, Your Honor, if I could just clarify, I think Fisher clarifies the rules. Clifford, excuse me, Fisher reiterates Hardin in that we follow the residual two-year statute of limitations and we bring with it the tolling provision. But at the same time, Fisher draws that boundary. And that boundary is essentially that if it is a tort-specific statute, you cannot borrow it. And in this particular case, I would say that this is a tolling provision that deals with the status of plaintiffs. If we go back to 5533 and we see that it's embedded within that tolling provision, the Pennsylvania's tolling statute, we see that it deals with a status group, a specific set of plaintiffs. In other words, we're not dealing with whether or not to apply different statute of limitations, which we saw in New Jersey statute of limitations, which was analyzed in the Fisher case. And we do not have to determine whether or not a federal claim should be governed by different timeliness regimes. There's no two sexual assault statute of limitations. There is one residual. And then there's a tolling provision that applies for a specific class of plaintiffs. And if it's not a tolling provision, you lose. If it is a tolling provision, you win. And I would submit to the court, yes. But I would also submit to the court that this particular court, the Third Circuit, in the Koch decision has already determined that this particular statute should be viewed as a tolling provision. And I would say that it's more applicable than the Stevens decision, which, again, I would submit to your honors respectfully that I don't believe controls here. In the Koch decision specifically, a sexual assault claim was examined. They examined 5533 and looked at the 1983 case. They made very clear that there was a two-year residual. And it appears that it applied it together with 5533 tolling without treating it as a separate or competing limitation. And that's what makes it a tolling provision. All right. Let's assume we agree with you on that then. Assume it is a tolling provision. Why isn't it a tort-specific tolling provision? Yes, Your Honor, because it is status-based. What's the status here? The status here is that it deals specifically with an age cohort of plaintiffs between the ages of 18 and 24 specifically. And what it does there specifically with regard to the status, it deals with the two-year statute limitations. And then we look at the tolling provision. Is the plaintiff within that status of plaintiffs? So if the status is 18 to 24, is it 18 to 24 for all torts? It is 18 for 24 for individuals that are 18 to 24 that have suffered a sexual assault. Which is pretty specific. And I would submit to the court that that is specific to the status. Because, again, with it being a tolling provision, it can apply to any and all claims, which is why Pennsylvania's timeliness statute embedded it within the tolling provision for Pennsylvania. I think one of the things that helps to analyze that, Judge, is to note that it deals with the status because it deals with the structure. As I mentioned, it's within the tolling provision. The placement that Pennsylvania legislators integrated approach to timeliness, put it within that tolling provision, I would say and submit that it's supported by the case law that I mentioned before, the Delaney case. The Baselice case, both of which are in the footnote 7 to the Stevens decision, which, again, the court said was pervasive weight. But I would also suggest and submit to the court that it operationally acts as a status-based tolling rule. Why? Because it identifies the closest state law analog to the federal claim, which is the two-year 55-24. And then it chooses among that statute that competing. It doesn't choose among the competing limitations periods. So unlike in New Jersey, where you have the two, here you only have the one. I know that my time is up, but I'm happy to answer any additional questions. Judge Roth, anything further? Nothing further. Thank you. All right. Thank you very much. Thank you, Your Honors. We'll hear rebuttal from Mr. Graham. Thank you, Your Honor. I'll make three quick points, one of which is that this court's ruling in Fisher really did acknowledge practical realities and the fact that courts are going to have to reason through some of these challenges. And so the niceties of legislative drafting are not a great place to hang your hat. There are differences in between the ways that New Jersey and Pennsylvania drafted their statutes, but it's – What's the unifying principle that makes Fisher dispositive here? The unifying principle is that if a tolling rule does not apply across the board, it does not apply in a federal action. Sorry, Your Honor, did I misunderstand your question? No, you did. So that – and you're saying it's a specific tolling provision, but Ms. Feder just explained that it's a status-based. Which leads me to my second point, Your Honor, and I appreciate that segue, which is that I think your questions were sort of getting to this, which is that it's not enough. A tolling provision means that my friends on the other side are maybe halfway to winning and not all the way there because it must be both a tolling provision and coordinate. And here is a distinction between my friend's conception of really this provision of 5533. That's another distinction. Are we talking about 5533, which is a fairly large statute, or are we talking about a specific provision within 5533? Because if you look at – You're talking about only 5533B2. I.1. I.1. As opposed to 5533A, that's a real status-based coordinate tolling rule. It applies across the board, and it applies based on the person who is bringing suit, not the person who is bringing suit plus the claims at issue. And that is sort of, I think, the fatal flaw to this argument and to the district court's holding. The final – All right, so do I understand you correctly to be saying that if it's a statute of limitations, you win outright? If it's a tort-specific tolling – if it's a tolling provision, you might win, you might lose, and you say you win because it's a tort-specific tolling provision, not a status-based one? Correct. It does not apply across the board to all rules. All right. So you've got – you know, you've kind of taken the shotgun approach. You're throwing different stuff up against the wall, and maybe something sticks. But what's the right answer? Is this a statute of limitations or is it tolling provision? I'd push back ever so slightly, Judge Hardiman. Simply, I don't think I'm throwing things at the wall. I think I'm walking through the analysis as I see it, and there are flaws in each step. I was just being flipped because you've got alternative arguments. As we often see, you see many paths to victory. Yes. And I'm interested in the right answer here, and I know it's your job to win, but I'm asking your assessment as to whether this is a statute of limitation or a tolling provision, and what's the support for your decision? The easiest resolution to this case, Your Honor, is to say that the district court erred. This is not a tolling provision in the first place. This is a tort-specific statute of limitations based on the specific language that you identified in your questions to my friends on the other side, and in reference to some of these other coordinate tolling provisions, there's sort of a comparison that we can do even within 5533 and within the rest of the judicial code. That gets rid of a lot of the complexity of having to look into what's coordinate, what applies across the board, which provisions based on the theory of the case. But if it's so clear that it's a statute of limitation, why were you arguing before that it was a tolling provision? And when I say you, I don't mean you personally. I didn't pay attention to who argued it below. You, the client. My clients, consistent with our many paths to victory, were under the understanding that the district court viewed this, potentially at least, as a tolling provision, and even under that theory of the case, my clients wanted to ensure that their rights were protected and that they won the case. In this instance. And in everyone's defense, Fisher hadn't been decided when this was litigated in the district court. Correct. Fisher had not. Say it. Sorry? Stevens say it. Stevens had. Yes. And as I said previously, Your Honor, Fisher is not a brand new rule. It doesn't change everything. What it does is it clarifies after some decades of confusion. I see that my time has expired, so I will briefly wrap up and say that the point here is that there are several paths to disposing of this case. At each one, even if the court disagrees and this is a tolling provision, Fisher is clear. And even if you get down to the level of saying, well, we might want to apply state law, you still have to double check, pursuant to the Supreme Court's guidance, whether or not it would frustrate federal purposes. And for all of those reasons, the district court erred. Jane Doe's claims are untimely, and this court should reverse. Thank you. Thank you, Mr. Graham. Thank you, Ms. Fetter. Appreciate the very helpful briefing and argument. The court will take the matter under advisement. Please rise. The court stands adjourned until Wednesday, December 24th. Recording stopped.